UNITED STATES of America,

v.

Richard L. BUJESE, Bryant T. Hutchins, Jeffrey D. Bujese.

Richard L. Bujese, Appellant.

No. 15034.

United States Court of Appeals Third Circuit.

Argued Sept. 12, 1966.

Decided Jan. 16, 1967.

Erwin Miller, Philadelphia, Pa., for appellant.

Erwin H. Stier, Asst. U. S. Atty., Newark, N. J., (David M. Satz, Jr., U. S. Atty., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

Following a jury trial in June, 1964, defendant was found guilty and sentenced to a 10-year prison term for violation of 18 U.S.C.A. Sections 2 and 2113 upon an indictment which charged him, Bryant T. Hutchins and Jeffrey D. Bujese with robbing the Valley Savings and Loan Association "in the State and District of New Jersey" on July 8, 1963. Defendant filed a timely notice of appeal on August 7, 1964. On June 11, 1965 we entered an Order granting defendant's motion to remand the record to the United States District Court for the District of New Jersey for the purpose of filing a motion for a new trial. Our Order provided in terms that jurisdiction of the appeal would be retained "upon the conditions that if a new trial is denied by the District Court the proceedings subsequent to the remand shall not be involved in this appeal, and that if a new trial is granted the appeal * * * shall be dismissed".

Thereafter, the defendant filed a motion for a new trial in the District Court on August 10, 1965. It was denied, after hearing, on February 15, 1966 and a motion for reconsideration was denied on March 31, 1966. On May 13, 1966 we denied the defendant's petition to modify our Order of June 11, 1965 so as to permit the defendant to include in his pending appeal the District Court's denial of a new trial.

On May 19, 1966 the defendant appealed from the District Court's Order of March 31, 1966. On June 10, 1966 we entered an Order adjudging the May 19, 1966 appeal to have "no effect in conferring jurisdiction upon this court to review the order denying a new trial" for the reason that it had not been filed within the 10-day period provided by Rule 37(a) (2) of the Federal Rules of Criminal Procedure.

On July 19, 1966—almost two years after defendant's initial notice of appeal of August 7, 1964—defendant's court-appointed counsel filed "Brief for Appellant". The defendant has been incarcerated since his conviction on June 23, 1964 since he has been unable to provide the $25,000 bail set by the District Court. In view of the defendant's election not to serve his sentence, the time he has been incarcerated will not be credited on his 10-year sentence.

The defendant's appeal from his original conviction was argued by his court-appointed counsel on September 12, 1966. At that time we were again requested to review the District Court's denial of the defendant's motion for a new trial in disregard of our earlier stated Orders limiting the scope of our consideration to alleged errors in his original conviction. In support of his request defendant urged that his court-appointed counsel had

failed to timely file an appeal from the District Court's denial of his motion for a new trial on the remand and that he should not suffer the consequence of that failure. Leave was granted to the defendant to file a supplemental brief on that score. The supplemental brief was filed on September 23, 1966 and the Government's supplemental reply brief was filed on October 5, 1966.

■ Since it appears that the failure to file a timely appeal from the District Court's denial of the defendant's motion for a new trial was due to regrettable error on the part of his court-appointed counsel we have considered the defendant's contention with respect to the denial.

We are of the opinion that the points presented by the defendant on the appeal from his conviction are without merit, and that the District Court did not err in denying the defendant's motion for a new trial.

In a four-count indictment returned December 18, 1963, the defendant, his brother Jeffrey D. Bujese and Bryant T. Hutchins, were charged with robbing the federally-insured Valley Savings and Loan Association, on July 8, 1963 "in the State and District of New Jersey," and with committing an assault upon Esther Herrick, a teller employed by the Association, by using a pistol in the course of the robbery.

The three men were arraigned on January 3, 1964. Donald R. Conway, Esq. of the firm of Lucchi and Conway, appeared as their counsel and entered pleas of not guilty as to all three. Thereafter, on March 25, 1964, Lucchi and Conway applied to the District Court to be relieved as counsel for the defendant for failure to pay counsel fees and permission to do so was granted on April 7, 1964.

On June 8, 1964 Herbert Koransky, Esq. filed his appearance for the defendant pursuant to his appointment by the District Court.

On June 17, 1964 the defendant's brother Jeffrey asked for and received a severance. On the same day, Hutchins withdrew his plea of not guilty and pleaded guilty. The defendant was placed on trial on June 18, 1964. Koransky represented him at that trial. Hutchins and Miss Herrick testified as to the defendant's participation in the robbery. Hutchins said that he and the defendant "robbed the bank"; he was armed with a .32 revolver; the proceeds of the robbery "was split up" and that he gave the defendant "a third of it". Miss Herrick testified that when the defendant and Hutchins entered the bank "they had sunglasses on"; Hutchins "pulled out a gun" and said "this is a hold-up—we want your money"; she gave Hutchins the money which was in a drawer; the defendant pulled out another drawer which was empty and he then told her to unlock a cash box in the vault and after she did so he "scooped up" the money in the cash box; the defendant then "ripped out the telephone" and told her to "get in the men's room and close the door"; she did so and then summoned help after the two men departed.

The defendant in his testimony denied participation in the robbery and said that at the time it was committed he was "washing his car" a considerable distance from the bank. He admitted, however, that he met Hutchins on the evening of the day of the robbery in Camden, New Jersey and that they went shopping together the following morning.

At the conclusion of the trial on June 23, 1964, the jury returned a verdict of guilty as to all four counts of the indictment. On July 30, 1964 the defendant was sentenced to a 10-year prison term on each count, to run concurrently. The same day, Koransky, defendant's court-appointed trial counsel, was relieved at his request. We appointed the defendant's present counsel on January 18, 1965 to prosecute this appeal.

It may be noted parenthetically that Hutchins was sentenced to a 15-year prison term on September 17, 1964, and that the defendant's brother Jeffrey, who had received a severance, pleaded guilty

on November 9, 1964, and was sentenced to a 15-year term.

What has been said brings us to the defendant's appeal from his conviction and his challenge to the District Court's denial of his motion for a new trial.

In his appeal from the conviction the defendant urges (1) the indictment was defective in that it charged that the offenses charged were committed "in the State and District of New Jersey" and did not name the city where the robbed bank was located; (2) he was not represented by counsel at his arraignment; (3) Miss Herrick was "pressured" by government agents into identifying him and, moreover, her identification was "faulty"; (4) the evidence was insufficient to sustain the jury's guilty verdict, and (5) he was improperly questioned by prosecuting counsel and the latter made prejudicial statements in his summation to the jury.

■■ There is no merit in the contention that the indictment was defective because it did not specify the particular city where the robbery took place. The indictment sufficiently apprised the defendant of the crime charged so as to enable him to prepare his defense, and to make the judgment, whether of acquittal or conviction, a bar to second prosecution for the same offense. Anderson v. United States, 215 F.2d 84 (6 Cir. 1964), cert. den., sub nom., Lewis v. United States, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698. An indictment alleging commission of an offense within the jurisdiction of the trial court, meets the required certainty of place of commission. Flores v. United States, 338 F.2d 966 (10 Cir. 1964).

■ Likewise, there is no basis for the contention that the defendant was not represented by counsel at his arraignment. The record discloses that the law firm of Lucchi & Conway, "by Donald A. Conway", filed an appearance as his counsel on December 20, 1963, and, as earlier stated, Conway appeared at his arraignment on January 3, 1964 and entered a plea of not guilty in his behalf. Moreover, the defendant's own trial testimony establishes that he was represented by counsel when he was arraigned.

■■ The trial record discloses that the defendant's points 3, 4 and 5 are patently frivolous. Miss Herrick's identification of the defendant was positive and unequivocal and there is nothing to sustain an allegation that she was pressured into making such identification; the evidence more than amply sustained the jury's verdict and there was no improper cross-examination or summation by prosecuting counsel.

Coming now to the defendant's contention that the District Court erred in denying his motion for a new trial:

The motion was premised on "newly discovered evidence", consisting of statements by Jeffrey Bujese that he, and not the defendant, joined Hutchins in the bank robbery, and a letter from Hutchins to defendant's sister, which according to the defendant, "purports to admit that he lied on the witness stand" when he said that the defendant joined him in robbing the bank. The District Court considered the letters containing Jeffrey's statement, as well as the Hutchins letter, before denying the motion for a new trial.

It may be noted parenthetically that the defendant filed his motion for a new trial *pro se* on August 10, 1965; on October 20, 1965 the District Court appointed Robert J. Carluccio, Esq. to act as his counsel; the motion was argued to the District Court on January 24, 1966 by Carluccio, and as earlier stated, the motion [1] was denied on February 15, 1966 and reconsideration was denied March 31, 1966.

■■ It is settled that the granting or refusal of a new trial rests in the discretion of the trial judge and the function of an appellate court upon appeal from a denial of a motion for new trial is restricted to the inquiry whether the

---

1. The motion also prayed for reduction of bail and return of $173 taken from the defendant when he was arrested.

trial judge abused his discretion or failed to exercise it;[2] further, that "Where there is a grave question of the credibility of the after-discovered evidence * * * the role of the trial judge is that of the fact-finder * * *."[3]

■ It is equally well settled that evidence is not "newly discovered" when it was known or could have been known by the diligence of the defendant or his counsel, and that such evidence is not sufficient to grant a new trial.[4]

On review of the record we cannot say that the trial judge was guilty of an abuse of discretion in denying the defendant's motion.

■ The record indeed amply supports rejection of the so-called "newly discovered" evidence reflected in the statements of the defendant's brother that he, and not the defendant, joined Hutchins in committing the robbery.

The two brothers and Hutchins were named as the principals in the robbery in the indictment; they were represented by the same counsel when they pleaded not guilty at the arraignment; Jeffrey asked for and received a severance because he wanted his case tried separately from that of the defendant and Hutchins; the defendant was advised by the indictment and at the arraignment proceeding that his brother Jeffrey was charged as a co-principal in the robbery.

By no stretch of the imagination can the testimony of Jeffrey exculpating the defendant be regarded under the existing circumstances as "newly discovered" and the trial judge properly so held.

■ As to Hutchins' alleged recantation in his letter to the defendant's sister of his positive testimony at the trial that the defendant joined him in the commission of the robbery, it need only be said that the letter affords no basis for the "recantation" allegation. The letter did not say that Hutchins had "lied", as alleged by the defendant in his testimony implicating the defendant. It at the most expresses regret that he was required by circumstances to testify as he did. Assuming arguendo, that Hutchins' letter can be viewed as a recantation of his testimony, the trial judge cannot be said to have abused his discretion in rejecting its credibility in view of Hutchins' trial testimony that he had not been pressured to testify as he did and that no inducements had been made to procure his testimony.

For the reasons stated the Judgment of Sentence of the District Court, entered July 30, 1964, will be affirmed.

2. Morgan v. United States, 301 F.2d 272, 275 (9 Cir. 1962).

3. Jones v. United States, 279 F.2d 433, 436 (4 Cir. 1960), cert. den. sub nom., Princeler v. United States, 364 U.S. 893, 81 S. Ct. 226, 5 L.Ed.2d 190.

4. McAteer v. United States, 148 F.2d 992, 993 (5 Cir. 1945).