**UNITED STATES of America**

v.

**Leonard NOVAK, Appellant.**

**No. 19260.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 18, 1972.

Decided Feb. 16, 1972.

James S. Palermo, Hazelton, Pa., for appellant.

Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges, and STAPLETON, District Judge.

OPINION OF THE COURT

PER CURIAM:

On May 6, 1970, a jury convicted Leonard Novak of armed bank robbery. At trial, Novak was identified by three eye witnesses as the person who robbed the bank in question on February 10, 1967. His counsel called witnesses in an effort to establish an alibi. Novak chose not to take the stand, apparently because he wished to avoid disclosure of a prior felony conviction to the jury. Novak's counsel on appeal concedes, with commendable candor, that the trial was wholly free of reversible error.

While Novak ultimately seeks a new trial, he does not ask this court to grant this relief based on the present record. Rather, he asks that the case be remanded for a hearing at which he would be given the opportunity to prove the following alleged facts, not currently in the record.

Novak was arrested fifteen months after the bank robbery in question. He denied any part in the robbery and thereafter repeatedly sought a polygraph test.[1] He offered to stipulate that the result of any such test would be admissible in evidence. In the summer of 1969,

---

1. The implication in appellant's brief is that these requests were directed either to FBI agents or to the prosecuting authorities. The record below reveals no application to the court under the Criminal Justice Act, 18 U.S.C. § 3006A(e) (Supp.1971) or otherwise.

Novak wrote to several polygraph experts seeking to arrange an examination. After the trial in May of 1970, but prior to sentencing, a polygraph examination was in fact conducted. The arrangements were made privately by the defendant but with the stipulation of the polygraph examiner that the results of the examination would be furnished to the sentencing judge, whether good or bad. In the opinion of the polygraphist, Novak told the truth when he denied participation in the robbery.

The difficulty with appellant's contention is that he would not be entitled to a new trial even if he succeeded in establishing these facts. He argues that since it was strategically unwise for him to testify in his own defense, the government was under a duty to agree to the proposed stipulation. But the government's position could not relieve Novak of the fundamental obligation, if he wished polygraph evidence considered at trial, to offer that evidence and any other evidence necessary to lay a foundation for a decision on its admissibility.[2] He tendered no evidence of this kind. In short, Novak seeks a second chance to present evidence which he had an ample opportunity to introduce at his first, and concededly fair, trial.

At some point a trial must end. The existence of evidence not tendered or considered, even though material, will not thereafter warrant a second trial unless that evidence was not available to defendant through the exercise of reasonable diligence at the time of the original trial. United States v. Bujese, 371 F.2d 120 (3rd Cir. 1967); United States v. Howell, 240 F.2d 149 (3rd Cir. 1956); United States v. Willis, 217 F.2d 941 (3rd Cir. 1955); United States v. Rutkin, 208 F.2d 647 (3rd Cir. 1953). This case does not come within the exception to the general rule. Fairly tried cases, even criminal ones, cannot be retried whenever the losing party concludes with the benefit of hindsight that he should have produced other evidence or employed a different strategy. The conviction must, accordingly, be affirmed.

---

2. See United States v. Wainwright, 413 F.2d 796, 803 (10th Cir. 1969).