Roosevelt Clifford BENTLEY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 82–3053
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 28, 1983.

Davis G. Anderson, Jr., Tampa, Fla., for petitioner-appellant.

Rodney W. Morgan, Asst. U.S. Atty., Tampa, Fla., for respondent-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Roosevelt Clifford Bentley appeals the denial of his 28 U.S.C.A. § 2255 petition for collateral relief from his convictions on two counts of making false statements about his criminal record in order to acquire firearms, 18 U.S.C.A. § 922(a)(6), and on two counts of receiving firearms after being convicted of a crime punishable by imprisonment for a term exceeding one year, *id.* § 922(h). Prior to bringing this collateral attack, Bentley brought a direct appeal of his conviction, which this Court affirmed without opinion. *United States v. Bentley,* 645 F.2d 70 (5th Cir.), *cert. denied,* 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981). In this collateral petition, Bentley asserted numerous grounds for relief including "newly discovered evidence" in the form of an alibi witness, perjured testimony by a government witness, denial of reasonable bail prior to trial, an unintelligent waiver of indictment, and an improper jury instruction. Finding insufficient merit to justify an opinion as to all but one of the grounds, we affirm without opinion based on our Local Rule 25 as to all points except the newly discovered evidence argument. With respect to that issue, which is quite properly the main thrust of Bentley's appeal, we affirm with the discussion below.

One of the illegal firearm purchases occurred on November 24, 1979, and the other occurred on November 27, 1979. Both occurred in Florida. Attached to the defendant's *pro se* petition is what purports to be an affidavit signed by a person who says that Roosevelt Bentley and his brother were in her place of business in New York on November 23rd, and that Roosevelt was in her place of business on November 24th. Defendant argues that this evidence proves that he was not in Florida on November 24th.

A new trial based on "newly discovered evidence" is to be granted only with great caution. *United States v. Metz,* 652 F.2d 478, 479 (5th Cir.1981). To prevail on a motion for new trial, the convicted defendant must satisfy all of the following four prerequisites:

(1) The evidence must be newly discovered and have been unknown to the defendant at the time of trial;

(2) The evidence must be material, and not merely cumulative or impeaching;

(3) The evidence must be such that it will probably produce an acquittal; and

(4) The failure to learn of such evidence must be due to no lack of diligence on the part of the defendant.

*United States v. Metz,* 652 F.2d at 479; *United States v. Antone,* 603 F.2d 566, 568–69 (5th Cir.1979); *United States v. Rachal,* 473 F.2d 1338, 1343 (5th Cir.), *cert. denied,*

412 U.S. 927, 93 S.Ct. 2757, 37 L.Ed.2d 154 (1973).

■ Although Bentley listed "alibi" as one of his defenses in his "Omnibus" discovery form, which he filed with the court two months prior to trial, his attorney presented no evidence, asked for no instructions, and made no argument to the jury concerning alibi. At trial, the defense argued that the Government had not proved Bentley was the one who committed the crime, but it did not suggest even once that he was not in Florida at the time. On the other hand, Bentley did not claim in the *pro se* petition filed in the district court to have been unaware of the alibi witness at the time of the trial. Indeed, it is hard to see how he could have been unaware of the witness if in fact he was in New York as asserted in the affidavit. The facts concerning an alibi are peculiarly within the knowledge of a defendant himself. The defendant has not demonstrated either by petition or brief how he has satisfied either the first or fourth prerequisite for a new trial set forth above.

Bentley's appellate brief, written by court-appointed counsel, makes the strongest argument on defendant's behalf by focusing on a claim of ineffective assistance of counsel. Noting that Bentley filed his petition for collateral relief *pro se,* the brief argues that *pro se* pleadings must be given a liberal reading, that Bentley could establish an inadequate investigation by counsel of the facts before trial, and that his trial counsel's failure to discover a provable alibi defense is the kind of error that merits a finding of ineffective assistance of counsel. Bentley claims the district court did not investigate the totality of the circumstances and should not have denied the motion without a hearing. He asks us to vacate the district court's order and to have that court appoint counsel to investigate the facts and to file appropriate pleadings based on an ineffective assistance of counsel theory.

■ Although we agree that a *pro se* petitioner is entitled to have his petition read liberally, *Haines v. Kerner,* 404 U.S.

519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), we do not think that after a trial and direct appeal a defendant can for the first time assert facts of an alibi, and obtain a hearing to determine if a new trial is warranted based on either newly discovered evidence or ineffectiveness of counsel in failing to investigate the defense.

Neither the petition nor the brief before us indicates any specific fact that could be adduced at a hearing. Only a speculative fishing expedition is sought, but the controlling facts should be known to the defendant. Bentley did not allege in the petition that the attorney knew of the potential defense and failed to investigate it. Instead, Bentley claimed that the evidence "could not have been produced . . . at trial even with due diligence." There is nothing to indicate why this is so. The affidavit states that Roosevelt Bentley and his brother came into affiant's place of business. There is no indication that the brother referred to is not the same one who testified at the trial. If Bentley had mentioned to his counsel that he and his brother were in New York on one of the days in question, the attorney could have raised the alibi defense through cross-examination. Thus the evidence could have been adduced at trial. Bentley has not suggested in either his petition or brief why his attorney would not have used the point if he knew of it, and there is no assertion that he knew of it.

The district court was justified in dismissing the petition on the basis of the pleadings, which were supplemented by the judge's own knowledge of the record, the same judge having presided at the trial. Ample evidence supported the convictions. Defendant's brother, who a store clerk identified as being in the store at the time of the November 27th purchase, testified that defendant made the purchase. The identification number on Bentley's Florida driver's license corresponded to that filled out by the purchaser on both occasions in the Federal Transaction Record. An expert witness testified that the handwriting on the federal form matched that of defendant. We perceive no error in the denial of

the petition for collateral relief without a hearing.

AFFIRMED.