**UNITED STATES of America**

v.

**Stan CARLIN.**

**Crim. A. No. CR 79–117 A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 30, 1983.

Gerrilyn G. Brill, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Stanley M. Baum, Steven W. Ludwick, Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

In this action the defendant has moved for a new trial and has also moved, pursuant to Rule 35, Federal Rules of Criminal Procedure, to have his sentence modified. The motion for a new trial by the defendant, Stan Carlin, is his most recent in a long series of attempts to avoid this court's judgment and sentence which was entered on October 30, 1979. Carlin was indicted on five counts of interstate transportation of forged securities in violation of 18 U.S.C. § 2314 (1976), and was found guilty of all counts by a jury. On appeal to the United States Court of Appeals for the Eleventh Circuit his conviction was affirmed. *See* 698 F.2d 1133 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2431, 77 L.Ed.2d 1317 (1983). In this motion Carlin seeks a new trial, claiming that newly discovered evidence in the form of the potential testimony of a formerly unavailable witness would establish his innocence. This court finds no merit in Carlin's claim.

## I. BACKGROUND

Carlin was alleged to have cashed five stolen checks totaling $1,000,000.00 which were drawn on the account of Brown & Root, Inc. At the trial, Carlin professed total innocence and recited a remarkable story about how he was innocently involved in the scheme to steal and cash these checks. To this end, Carlin told how he had attempted to interest investors in his Australian gas and oil exploration rights but was repeatedly unsuccessful. He claimed that in an effort to sell these rights, he contacted his boyhood friend, Donald Joseph (Joe) Vincz, who would act as Carlin's agent to locate interested investors. Vincz, in turn, would receive a finder's fee in the amount of 25% of the sales price. Vincz allegedly contacted representatives of Brown & Root who expressed an interest in buying Carlin's exploration rights. Vincz delivered five checks to Carlin and out of the proceeds received approximately $275,000.00 for his services.

During his trial, Carlin called Vincz as a witness, but Vincz informed the court, outside the jury's presence, that he would assert his Fifth Amendment privilege. When the jury returned Vincz was called to the stand and he refused to testify. Since the time of Carlin's trial, Vincz has been indicted and convicted, along with two co-defendants, of criminal charges involving the same checks referred to in Carlin's indictment. Vincz pleaded guilty to two counts and testified against his co-defendants. All have since been sentenced.

In this motion Carlin asserts that Vincz is no longer able to assert the Fifth Amend-

ment; thus, Vincz would be available to testify concerning Carlin's alleged innocence.[1] Carlin also asserts that Vincz's testimony is newly discovered evidence, warranting a new trial. In support of this motion Carlin offers the hearsay infested affidavit of one "Eddie Jones," which supposedly would corroborate what Vincz might say regarding Carlin's innocence.

## II. DISCUSSION

■ A motion founded on newly discovered evidence is addressed to the sound discretion of the trial judge and the denial of this motion will be reversed only when the ruling is so clearly erroneous that it amounts to an abuse of discretion. *United States v. Mesa,* 660 F.2d 1070, 1077 (5th Cir.1981); *United States v. Williams,* 613 F.2d 573, 575 (5th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 137, 66 L.Ed.2d 60 (1980); *United States v. Antone,* 603 F.2d 566, 568 (5th Cir.1979). These motions are not favored and must be viewed with great caution. *Bentley v. United States,* 701 F.2d 897, 898 (11th Cir.1983); *United States v. Riley,* 544 F.2d 237, 240 (5th Cir.1976), *cert. denied,* 430 U.S. 932, 97 S.Ct. 1554, 51 L.Ed.2d 777 (1977). In addition, where the credibility of the after discovered evidence is suspect, the role of the trial judge is that of the fact finder. *United States v. Bujese,* 371 F.2d 120, 125 (3d Cir.1967); *Jones v. United States,* 279 F.2d 433, 436 (4th Cir.), *cert. denied,* 364 U.S. 893, 81 S.Ct. 226, 5 L.Ed.2d 190 (1960). Finally, the offered evidence must satisfy four requirements order to justify this extraordinary relief:

(1) The evidence must be newly discovered and have been unknown to the defendant at the time of trial;

(2) The evidence must be material, and not merely cumulative or impeaching;

(3) The evidence must be such that it will probably produce an acquittal; and

(4) The failure to learn of such evidence must be due to no lack of diligence on the part of the defendant.

*Bentley,* 701 F.2d at 898. In this case, this court finds that Carlin has failed to satisfy the first three requirements; accordingly, his motion lacks merit.

### A. The Existence of Newly Discovered Evidence

■ This court disagrees with Carlin's claim that Vincz's once-unavailable testimony constitutes "newly discovered" evidence within the meaning of Rule 33 of the Federal Rules of Criminal Procedure. Courts have repeatedly addressed this issue and uniformly concluded that this testimony is neither "newly discovered" nor sufficient to warrant a new trial.[2] *United States v. LaDuca,* 447 F.Supp. at 781, illustrates how this issue ordinarily arises. Defendant LaDuca and his co-defendant Neiman were charged with embezzlement. Neiman pled guilty and was awaiting sentence at the time of LaDuca's trial. LaDuca called Neiman to the stand in an apparent attempt to have Neiman exonerate him (LaDuca), but Neiman invoked his Fifth Amendment privilege and declined to testify. LaDuca was subsequently convicted. Long after Neiman's sentencing and denial

---

**1.** However, in his brief supporting this motion, Carlin does not allege that, in fact, Vincz would testify if he (Carlin) was granted a retrial. It is interesting to note that Carlin does not claim that he has communicated with Vincz regarding Vincz's ability or willingness to testify in a retrial. For the purpose of this motion, the court will assume that Vincz either would, or could be compelled to, testify regarding Carlin's participation in the check scam.

**2.** *See United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.), *cert. denied,* 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981); *United States v. Gloria,* 494 F.2d 477, 484 (5th Cir.), *cert. denied,* 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d

267 (1974); *United States v. Jacobs,* 475 F.2d 270, 286 n. 33 (2d Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973); *United States v. Bujese,* 371 F.2d 120, 124–25 (3d Cir.1967); *McAteer v. United States,* 148 F.2d 992, 993 (5th Cir.1945); *Coplin v. United States,* 88 F.2d 652, 665 (9th Cir.), *cert. denied,* 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937); *United States v. LaDuca,* 447 F.Supp. 779, 786 (D.N.J.), *aff'd sub nom. United States v. Rocco,* 587 F.2d 144 (3d Cir.1978), *cert. denied,* 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979); *United States v. Matthews,* 424 F.Supp. 339, 341–42 (E.D.Pa.1976).

of several applications for a reduction of sentence, Neiman stated that he was prepared to exculpate LaDuca by testifying that he, Neiman, alone was guilty of the crime charged. Accordingly, LaDuca sought a retrial, claiming that Neiman's potential testimony was newly discovered evidence. That motion was denied.[3]

The courts confronted with this issue have consistently denied retrials, reasoning that whatever evidence the co-defendant may now present on the defendant's behalf, it is not newly discovered. Instead, it always existed and the defendant was always aware of its existence. In *United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2d Cir.) *cert. denied*, 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973), the Second Circuit recognized

> that a court must exercise great caution in considering evidence to be "newly discovered" when it existed all along and was unavailable only because a co-defendant, since convicted, has availed himself of his privilege not to testify.

In *Coplin v. United States*, 88 F.2d 652, 665 (9th Cir.), *cert. denied*, 301 U.S. 703, 57 S.Ct. 929, 81 L.Ed. 1357 (1937), the Ninth Circuit reached the same result, reasoning

> We are not here dealing with newly discovered evidence. The [co-defendants]

knew the alleged facts at the time the trial commenced.... After the verdict was returned, they suddenly became active on behalf of one of the convicted defendants.

In other words, these courts recognize two critical facts regarding the proffered testimony of a once-unavailable defendant who was subsequently convicted. First, the substance of the testimony is not in fact new evidence, since it was always known by the defendant seeking a retrial. Second, and equally important, the once-unavailable defendant who now seeks to exculpate his co-defendant lacks credibility, since he has nothing to lose by testifying untruthfully regarding the alleged innocence of the defendant seeking a retrial. Accordingly, absent special circumstances, a motion for a retrial on these grounds merits denial.

This court agrees with the rationale employed and the result reached in these cases. In this case, Carlin was always aware of Vincz's potential testimony, and this court rejects Carlin's implicit premise that this evidence was "discovered" the day Vincz was sentenced. In addition, assuming both that Vincz would testify at a subsequent retrial and that his story would support Carlin's,[4] this court would view with skepticism anything Vincz would say,

---

**3.** The scenerio presented in this case is nearly identical to that discussed above and presented in each of the cases cited at note 2, *supra.* The sole difference here is that Carlin and Vincz were not "co-defendants" in the strict definitional sense because they were not charged in the same indictment. *See Black's Law Dictionary* 233 (5th ed. 1979) (defining "co-defendant" as "More than one defendant being sued in the same litigation; or, more than one person charged in [the] same complaint or indictment with [the] same crime.") It is uncontroverted, however, that, although issued separately, Carlin's and Vincz's indictments were virtually identical. In view of the nearly identical charges and Carlin's and Vincz's nonseverable participation in the same course of events, this court concludes that Carlin and Vincz were constructive co-defendants for the purpose of Carlin's present motion.

**4.** For the purpose of deciding this motion, the court will assume that Vincz's testimony in a subsequent trial would mirror that of Carlin.

However, the court does not suggest that it would accept as truthful such testimony. In fact, there is substantial evidence supporting the conclusion that Vincz's testimony would directly contradict Carlin's. For example, in a signed statement Vincz provided to the United States Probation Office, Vincz indicated that Carlin was fully aware of all the details surrounding the Brown & Root check scam, including the fact that the checks were stolen. *See* Donald Joseph Vincz's Statement of Facts Regarding Indictment at 2–3, *United States v. Griffin*, No. CR83–402A (N.D.Ga.Mar.1983). In addition, at the trial of his co-defendants Griffin and Gummel, Vincz's memory conveniently failed him when he was questioned about his dealings with Carlin. *See* Trial Transcript, Vol. 2 at 154–56; *United States v. Griffin*, No. CR82–402A, (N.D. Ga.Mar. 9, 1983). As a practical matter, there is no reason to conclude that Vincz's memory would be any clearer at a new trial for Carlin. As stated earlier, however, the court will assume arguendo that his memory would be better and that he would parrot Carlin's testimony.

since he has virtually no incentive to testify truthfully. *See United States v. LaDuca,* 447 F.Supp. at 783 (such evidence is "inherently suspect"). Since Carlin bases his claim on evidence which is not newly discovered, he has not satisfied the first requirement of *Bentley.*

### B. The Absence of Cumulative or Impeaching Evidence

■ The court concludes that Carlin has failed to demonstrate that the offered evidence is not cumulative, and thus the second requirement of *Bentley* is not satisfied. This was the precise result reached in *United States v. Frye,* 548 F.2d 765 (8th Cir.1977), a case legally and factually square on all fours with this case. Like Carlin, the defendant in *Frye* was prosecuted and convicted under 18 U.S.C. § 2314. Like Carlin, the defendant sought a new trial on the basis of newly discovered evidence in the form of a witness who was unavailable to testify at trial. And like this court, the district court was unimpressed with the defendant's arguments and legal theories. The defendant claimed that the offered testimony would have bolstered his defense of innocence and shown that he was an innocent party in a stolen check-cashing ring. The Eighth Circuit concluded that the district court properly denied the motion for a new trial because the offered testimony was "merely cumulative and impeaching and would not [have been] sufficient to produce [the defendant's] acquittal." 548 F.2d at 769. *See also United States v. Matthews,* 424 F.Supp. 339, 343 (E.D.Pa.1976) (letter from a co-defendant stating that the defendant did not participate in the bank robbery merely restated the defendant's trial testimony; thus it was cumulative and did not justify a new trial). Like the courts in both *Frye* and *Matthews,* this court finds that Vincz's hypothetically favorable testimony would be cumulative, since this testimony would merely echo Carlin's once-rejected trial testimony.

### C. A Demonstration that the Evidence Would Result in an Acquittal

Closely related to the demonstration that the offered evidence is not cumulative, is the showing that the presentation of the evidence would result in the defendant's acquittal. This is another requirement of *Bentley* that the defendant fails to satisfy. If Vincz's hypothetical testimony is unfavorable to Carlin, *see supra* n. 4, there is no doubt that Carlin would be found guilty in a new trial. Assuming Vincz's hypothetical testimony is favorable to Carlin, Vincz merely would be repeating a story that the first jury conclusively rejected. *See United States v. Gonzalez,* 661 F.2d 488, 495–96 (5th Cir.1981) (where allegedly newly discovered evidence was substantially the same as that presented at trial, it was not likely to result in acquittal and the denial of a motion for a new trial was proper). Furthermore, as the Court of Appeals recognized in affirming Carlin's conviction, there are "no corroborating circumstances *remotely* indicating the trustworthiness of [Vincz's] statement." *United States v. Carlin,* 698 F.2d at 1137 (emphasis in original). Accordingly, this court concludes that Vincz's hypothetical testimony, whether favorable or unfavorable, simply would not result in acquittal.

This court concludes that the evidence presented by Carlin in support of his motion for a new trial does not satisfy the requirements of *Bentley v. United States, supra,* since the offered evidence (1) is not newly discovered, (2) is merely cumulative, and (3) probably would not produce an acquittal. Accordingly, Carlin's motion for a new trial is DENIED.

## III. MOTION TO MODIFY SENTENCE

The court has carefully considered Carlin's motion to modify his sentence. The court sees no reason to change the sentence previously imposed, and the motion is DENIED.

## IV. SUMMARY

The defendant's motion for a new trial is DENIED, and his motion to modify his sentence is also DENIED.