**UNITED STATES of America**

v.

**Donald G. GAFFNEY.**

**No. 88–14–Cr–J–TES.**

United States District Court, M.D. Florida, Jacksonville Division.

July 8, 1988.

---

Special Asst. U.S. Attys. John E. Steele and Stephen M. Kunz, Jacksonville, Fla., for Government.

Jack M. Schemer, Jacksonville, Fla., for defendant.

### Order On July 6, 1988 Motion For New Trial

SCOTT, District Judge.

This cause is before the Court on defendant's Motion for New Trial, filed herein on July 6, 1988, in which defendant argues newly discovered evidence has surfaced requiring a new trial. The government filed a memorandum in opposition to said motion on July 7, 1988. Upon review of the memoranda and exhibits submitted by counsel and upon consideration of relevant case law, the Court will deny defendant's motion. The reasoning of the Court is set forth below.

### I.  BACKGROUND

On March 18, 1988, defendant was convicted by a jury on four counts of mail fraud. *See* 18 U.S.C. section 1341 (1982). The factual underpinning of the mail fraud counts involved an alleged burglary of defendant's family's office supply store and insurance claims made by defendant based upon the alleged burglary. Defendant's sentencing was initially continued until the resolution of extortion charges pending against him in Case No. 87–37(S)–Cr–J–TES.[1] The extortion case was set for trial on June 13, 1988, but was continued until disposition of several pending complex motions involving the doctrine of collateral estoppel.[2] After the continuance of the trial in 87–37(S), the Court *sua sponte* re-

---

1. *See* Order entered on April 14, 1988.

2. *See* Case No. 87–37(S)–Cr–J–TES, Order entered June 12, 1988. Defendant and codefend-

ants were charged with one count of conspiring to commit extortion and with several substantive counts of extortion in February 26, 1987. The case was tried before a jury beginning on

scinded its order continuing the sentencing in this cause and scheduled the sentencing hearing for this date.

On July 6, 1988, defendant filed a motion for new trial based on newly discovered evidence pursuant to Fed.R.Crim.P. 33. Defendant's request for a new trial is founded upon a sworn statement given by Mr. Stanley Williams on July 5, 1988.[3] Mr. Williams is a former employee of defendant and testified against him at trial.[4] Mr. Williams in essence stated that his testimony at trial was false. To summarize, in recanting his trial testimony, Mr. Williams said that he lied when he told the jury that defendant asked him to remove an Olivetti typewriter/word processor from Gaffney Office Supply and asked him further to hide it in Williams' home. Mr. Williams stated that he found the word processor behind Gaffney Office Supply several days after the burglary occurred and that he took it to his home without telling defendant. Mr. Williams further stated that he lied at trial when he testified that defendant asked him to falsify documents related to the insurance claim arising from the alleged burglary.

The government filed a memorandum opposing defendant's motion on July 7, 1988. The basis of the government's opposition is a sworn statement of Mr. Williams given under oath on July 6, 1988, in which he retracted his recantation of July 5, 1988.[5] In this statement given to the government,

Mr. Williams said that his testimony at defendant's trial was in fact true and that his recantation on July 5, 1988, was a result of "emotional stress, and promises made by Mr. Gaffney pertaining to re-election back to the House." *See* Sworn Statement of Stanley Williams, July 6, 1988, at p. 4.[6]

## II. DISCUSSION

■ To prevail on a motion for new trial based on newly discovered evidence, a defendant must meet the following requirements: (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it will probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of diligence on the part of the defendant [hereinafter referred to as the *"Bentley test"*]. *Bentley v. United States*, 701 F.2d 897, 898 (11th Cir.1983); *see United States v. Williams*, 816 F.2d 1527, 1530 (11th Cir. 1987). The success of defendant's motion hinges upon the satisfaction of each of these elements. *Bentley*, 701 F.2d at 898.

As an initial matter, the Court determines that neither oral argument of counsel nor further presentation of evidence is necessary. Both counsel for the government and defendant thoroughly briefed the

June 25, 1987. The jury returned verdicts on July 24, 1987, finding defendant guilty of three counts and acquitting him of ten counts, but was unable to reach verdicts on two counts. On December 18, 1987, the Court granted defendants' motions for mistrial because jurors had been exposed to extrinsic material which gave rise to the possibility of prejudice. 676 F.Supp. 1544. The government then filed a superseding indictment on January 21, 1988, charging defendants with the mistried counts and with several new counts of extortion.

3. The statement was given in the presence of Robert J. Link, Esquire, defendant's counsel in the 87–37(S) case and the court reporter, at Mr. Link's office.

4. The statement was attached to the motion for new trial and is part of the record.

5. The July 6, 1988, statement was given by Mr. Williams at the Office of the State Attorney in the presence of Stephen M. Kunz, Esquire, Special Assistant United States Attorney, Rick Beseler, Investigator, State Attorney's Office, Laddie Birge, Special Agent, FBI, Keven Deegan, Special Agent, FBI, and the court reporter.

6. Stanley Williams' statement of July 6, 1988, is attached to the government's memorandum and is part of the record.

The use of the word "House" by Williams is a reference to the seat defendant held in the Florida State House of Representatives. He resigned from office after his conviction in this case.

legal issues and are commended for doing so in such a short period of time. As noted above, the recantation of Mr. Williams made on July 5, 1988, and the retraction of the recantation were submitted by counsel and are part of the record. It is well settled that "a motion for new trial may be decided upon affidavits without evidentiary hearings." *See, e.g., United States v. Metz*, 652 F.2d 478, 481 (5th Cir.1981). This Court, therefore, having the insight gained from the trial in this cause and having carefully reviewed the sworn statements of Stanley Williams given on July 5, 1988, and July 6, 1988, will address the merits of defendant's motion for new trial.[7]

A recent Eleventh Circuit decision, *United States v. Santiago*, 837 F.2d 1545, 1550 (11th Cir.1988), is dispositive of the issue presented by defendant. The posture of the defendant's motion for new trial in that case is strikingly similar to that of defendant Gaffney's motion in the case at bar. One of three co-defendants in *Santiago*, Charles Cloud, claimed that the recantation of a key witness amounted to newly discovered evidence which warranted a new trial. On May 4, 1987, the witness recanted his trial testimony. Thereafter, on May 20, 1987, the witness retracted his May 4, 1987, recantation. The witness stated that he would not have recanted his trial testimony had it not been for threats from Cloud's family.

The district court denied Cloud's motion for new trial. On appeal, Cloud argued that the recantation was a new version of the facts; thus, according to him, it was newly discovered evidence. After setting forth the four prerequisites necessary to prevail on a motion for new trial based on

newly discovered evidence (*Bentley* test), the appellate court succinctly disposed of Cloud's claim:

> [Defendant's] argument is strained, however, due to the fact that [the witness] has since retracted his recantation. [The witness'] version of events remains exactly as it was at trial. Furthermore, recantations are viewed with extreme suspicion by the courts. The district court's ruling on a motion for new trial will not be reversed unless that ruling is so clearly erroneous as to constitute an abuse of discretion.

*Id.* at 1550 (citations omitted). Simply put, then, the appellate court found that the recantation of trial testimony which itself was later retracted did not qualify as newly discovered evidence.

Applying *Santiago*, Williams' retraction of his recantation of his trial testimony serves to make the recantation a nullity, leaving Williams' testimony at trial unaffected. The determination is not a difficult one in light of the following excerpt of Williams' retraction:

> *Question by Mr. Kunz:* Now, the testimony that you gave concerning Donald Gaffney in that trial, was that the truth?
>
> *Answer by Mr. Williams:* Yes
>
> *Question by Mr. Kunz:* Now, I understand, Mr. Williams, that yesterday you may have given a court reported statement to Mr. Robert Link, an attorney for Don Gaffney, and you may also have made a typewritten statement or signed a typewritten statement at the request of Mr. Don Gaffney that repudiated or indicated that you were lying during your trial testimony in March. Were those statements you gave yesterday the truth?

---

7. The Fifth Circuit Court of Appeals in *United States v. Curry*, 497 F.2d 99 (5th Cir.), *cert. denied*, 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 311 (1974) had occasion to decide whether the trial judge erred by denying a motion for new trial based on newly discovered evidence without holding an evidentiary hearing. While the evidence relied upon by the defendant in *Curry* was his own affidavit in which he claimed a co-defendant testified against him untruthfully, the reasoning of the Court is applicable here

because the alleged newly discovered evidence requires consideration of statements given after the trial by an individual who testified at trial. In deciding that the trial judge was correct in his decision not to hold an evidentiary hearing, the court stated: "We feel, however, that the acumen gained by the trial judge who presided during the entire course of these proceedings makes him well qualified to rule on the motion for a new trial on the basis of the affidavit...." *Id.* at 101.

*Answer by Mr. Williams:* No, they weren't.

Sworn Statement of Stanley Williams, July 6, 1988, at pp. 4–5. Defendant Gaffney, therefore, has failed to clear the first hurdle of the *Bentley* test and cannot be awarded a new trial.

Assuming arguendo that defendant were able to meet the first two criteria of the *Bentley* test, his motion for new trial would still fail because of his inability to satisfy the third criterion: that the evidence be such that it will probably produce an acquittal. That is, the recantation coupled with its retraction serves only to act as an attack on Mr. Williams' credibility. At trial he was questioned on direct examination and on cross examination about prior false statements he had made about defendant. His credibility was, therefore, assailed at trial, and the jury still found defendant guilty. The law is clear that evidence which discredits a witness' testimony but does not directly contradict the government's case is not a basis for granting a new trial. *United States v. Fontenot*, 483 F.2d 315, 325–26 (5th Cir.1973); *see United States v. Solimine*, 536 F.2d 703, 709 (6th Cir.), *vacated on other grounds*, 429 U.S. 990, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976).

■ Finally, even if Mr. Williams had not retracted his recantation of his trial testimony and if the Court then determined the recantation was completely credible, defendant would nevertheless stumble upon the third step of the *Bentley* test.[8] That is, elimination of Mr. Williams' testimony from the trial does not create a probability that the jury would have found defendant not guilty. This is so because the government presented sufficient circumstantial evidence to support the guilty verdicts as to all counts. Mr. Williams' testimony merely served to tie the circumstantial evidence together.

### III. CONCLUSION

Based on the foregoing, it is

ADJUDGED:

That defendant Gaffney's Motion for New Trial, filed herein on July 6, 1988, is hereby denied.

DONE AND ORDERED in Chambers this 8th day of July 1988.

---

**8.** Had Mr. Williams not retracted his recantation, the Court would have held a hearing to determine the credibility of the recantation. *See United States v. Ramsey*, 726 F.2d 601 (10th Cir.1984). In light of the fact that Mr. Williams retracted the recantation, *Santiago*, as discussed above, controls thus vitiating the need for a credibility determination.