[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12846
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00027-CR-3-RV

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

EUGENE JEROME SMITH,
a.k.a. Sperm,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 8, 2009)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Eugene Jerome Smith appeals the district court's denial of his motion for new trial based on newly discovered evidence. Smith was convicted of one count of conspiracy to possess cocaine with intent to distribute and two counts of possession of cocaine with intent to distribute. In support of his motion for a new trial, Smith produced evidence that he was in Tampa when a witness, Carisha Jones, testified that he was in Pensacola. Additionally, he asserted new evidence showing that Jones made statements to the police describing drug sales at a certain address as drug sales at his home, when Smith no longer lived at that address at the time of the sales.

We review a district court's denial of a defendant's motion for a new trial for abuse of discretion. Federal Rule of Criminal Procedure 33 provides that a defendant may file a motion for a new trial on the basis of newly discovered evidence, and "the court may vacate judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a), (b)(1). To obtain a new trial on the basis of newly discovered evidence, a defendant must show that: (1) the evidence was in fact discovered following trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is of such a nature that a new trial would probably produce a different result. United States v. Lee, 68 F.3d 1267,

2

1273 (11th Cir. 1995). "The failure to satisfy any one of these elements is fatal to a motion for new trial." Id. at 1274. Evidence of an alibi is particularly "within the knowledge of the defendant himself," making it extremely difficult for a defendant to show that the evidence is new or could not have been discovered with due diligence. United States v. Williams, 816 F.2d 1527, 1530-31 (11th Cir. 1987).

In this case, the evidence proffered by Smith cannot be considered new evidence and could have been discovered by Smith if he had exercised due diligence. Accordingly, the district court did not abuse its discretion by denying Smith's motion for a new trial.

**AFFIRMED.**