**UNITED STATES of America**

**v.**

**Terrance Larnell COLE, a/k/a TC, a/k/a The Boss, a/k/a Big Head, a/k/a T**

**Terrance L. Cole, Appellant.**

**No. 06–1904.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 10, 2007.

Filed: Aug. 31, 2007.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for United States of America.

Marcia G. Shein, Decatur, GA, for Terrance L. Cole.

Before: RENDELL and AMBRO, Circuit Judges, and SHAPIRO,* District Judge.

## OPINION

SHAPIRO, District Judge.

Terrance L. Cole, appealing his conviction, contends: 1) the District Court erred in denying Cole's motion for a new trial;

---

* Honorable Norma L. Shapiro, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

2) Cole's attorney was ineffective because he failed to allow Cole to participate in the decision to impanel an anonymous jury; 3) impanelment of an anonymous jury violated the Confrontation Clause of the Fifth Amendment and the Federal Rules of Criminal Procedure; and 4) admission of wiretap transcripts into evidence violated the Fourth Amendment. Cole also claims there was inadequate evidence to support a two-level sentencing enhancement for possession of a firearm in furtherance of a drug offense. We have jurisdiction to review the conviction under 28 U.S.C. § 1291 and the sentence under 18 U.S.C. § 3742(a)(1).

## I. Facts & Procedural History

Terrance L. Cole was indicted with co-defendants Kevin L. Gray and Quincy L. Jones on two counts: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine [21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), 21 U.S.C. § 846] and conspiracy to launder monetary instruments [18 U.S.C. § 1956(a)(1)(B)(i), (h) ]. After the District Court denied defendants' motion to suppress, Jones plead guilty but Cole and Gray went to trial. The jury found Gray guilty of Count One but could not reach a verdict as to Cole.

Before Cole's second trial, the government moved for an anonymous jury and the District Court granted the motion as unopposed. After the jury returned a guilty verdict on both counts, Cole moved for a new trial because of newly discovered evidence that the jury had been impaneled anonymously. The District Court denied the motion and sentenced Cole to life imprisonment on Count One and 20 years on Count Two.

## II. Discussion

### A. Motion For A New Trial

We review the District Court's denial of a motion for a new trial for abuse of discretion. *United States v. Cimera*, 459 F.3d 452 (3d Cir.2006). Facts found by the District Court are reviewed for clear error. *United States v. Nolan–Cooper*, 155 F.3d 221, 229 (3d Cir.1998).

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P.33(a). If the motion is made on the basis of newly discovered evidence, the defendant must show five factors:

(a) the evidence must be in fact, newly discovered, i.e., discovered since the trial;

(b) facts must be alleged from which the court may infer diligence on the part of the movant;

(c) the evidence relied on must not be merely cumulative or impeaching;

(d) it must be material to the issues involved; and

(e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir.1976).

If the District Court determines that the evidence was not newly discovered at the time of the Rule 33 motion, then it must deny the motion, regardless whether the other Iannelli factors are met. *United States v. Jasin*, 280 F.3d 355, 365 n. 9 (3d Cir.2002).

■ "[E]vidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel." *United States v. Bujese*, 371 F.2d 120, 125 (3d Cir.1967). Cole argued that he had not been aware the jury had been impaneled anonymously until after

the trial concluded. The District Court found Cole, "knew full well during the voir dire process in open court that the juror's names, addresses, and places of business were not being disclosed, and there was never any objection lodged during the voir dire process during trial." App.365.

Whether to impanel an anonymous jury was discussed during a chambers conference when Cole was not present. However, the District Court's decision to grant the government's motion to impanel an anonymous jury was announced in open court on August 15, 2005, in the presence of Cole. Supp.App. 978.

The District Court's finding that Cole did know or could have known the jury was impaneled anonymously was not erroneous. His claim that his eventual discovery constituted newly discovered evidence is unfounded. The District Court's denial of the motion for a new trial for newly discovered evidence was not in error.

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show both unreasonable advice and that the outcome was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The unreasonable advice must be not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A reviewing court begins with a "strong presumption" that counsel's performance fell "within the wide range of reasonable professional assistance" *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Prejudice consists of a "reasonable probability" that the outcome would have been significantly different had counsel's performance been adequate. *Id.* at 694, 104 S.Ct. 2052.

A reviewing court may refrain from considering an ineffective assistance of counsel claim on direct appeal because such a determination demands facts not of record. *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). "[T]he proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). The exception to this rule occurs when the record is sufficient to allow a proper review of counsel's performance to determine the merit of the claim without further investigation or fact-finding. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir.1991).

Cole argues that his attorney's concession to the government's motion for an anonymous jury was not what any competent attorney would do and was significantly detrimental to the outcome of the case. The record is scant as to the District Court's decision to grant the government's motion to impanel an anonymous jury. There is the government's memorandum in support of its motion (App.326–332) and the statements the District Court made in open court concerning the matter (Supp. App.978).

It is not clear from the record that impaneling an anonymous jury was detrimental to Cole or that counsel's reasoning was ineffective. What Cole's attorney said or bargained for on behalf of his client during the pretrial conference might be determinative. We deny Cole's claim of ineffective assistance of counsel without prejudice to a motion under 28 U.S.C. § 2255.

## C. Impaneling An Anonymous Jury

Cole argues the District Court's decision to allow an anonymous jury erred because: 1) it was an abuse of the District Court's

discretion; 2) it violated his right to be present at all critical stages of trial under Federal Rule of Criminal Procedure 43; 3) it violated his constitutional right to confront all witnesses against him under the Sixth Amendment.

We review for abuse of discretion with "particular deferen[ce]" to the District Court's "substantial discretion" to impanel an anonymous jury. *United States v. Scarfo,* 850 F.2d 1015, 1023 (3d Cir.1988).

### 1. Abuse of Discretion

Impaneling an anonymous jury is sometimes necessary in order to preserve both the jury's honest verdict as well as their safety because fear of retaliation is well documented and not merely hypothetical. If there is a suggestion that the integrity of a juror's verdict would be compromised, limiting voir dire is appropriate. *United States v. Scarfo,* 850 F.2d 1015 (3d Cir. 1988). In *Scarfo,* a case involving organized crime, the District Court's decision to impanel an anonymous jury was affirmed. After hearing pretrial testimony concerning extortion and intimidation tactics, the District Court limited voir dire to alleviate jurors' fear of possible retaliation. We held a reviewing court must be "particularly deferential to the trial judge." *Id.* 1023.

■ Here, the District Court's decision to impanel an anonymous jury for Cole's second trial was based on allegations that jurors from Cole's first trial were biased by fear of retaliation and bribery. App. 327. The government's motion to impanel an anonymous jury states one former juror reported two of the other jurors were "bought" and other former jurors reported to the media threats they had received during deliberations. *Id.* The District Court's decision to impanel an anonymous jury for Cole's second trial was not an abuse of discretion.

### 2. Presence at a Pretrial Conference

■ Cole argues that the District Court's decision to impanel an anonymous jury at a pretrial conference at which he was not present violated the Fifth Amendment and Federal Rule of Criminal Procedure 43.

The Due Process Clause of the Fifth Amendment ensures a criminal defendant the "right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings...." *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Federal Rule of Criminal Procedure 43(a) expands that right to include "every trial stage, including jury impanelment and the return of the verdict," but defendant's presence is not required when "[t]he proceeding involves only a conference or hearing on a question of law." Fed.R.Crim. P.43.(b)(3).

Cole contends the pretrial conference concerning whether to impanel an anonymous jury was a critical stage of the procedure against him, so his presence was required. Rule 43(a) specifically includes "jury impanelment" as a stage of trial, and Rule 43(b)(3) makes clear that the defendant is not required to be present at a conference and hearing on a question of law.

■ To show a due process violation, Cole must demonstrate that his absence from the conference frustrated the fundamental fairness of the proceedings. The District Court announced in open court in his presence the plan to impanel the jury anonymously before voir dire began. With notice, Cole failed to object. There was no violation of Cole's constitutional rights or Federal Rule of Criminal Procedure 43.

### 3. Confrontation Clause

■ Cole argues that the District Court's decision to impanel an anonymous

jury at a pretrial conference at which he was not present violated his right to confront witnesses against him under the Sixth Amendment. A testimonial hearsay statement cannot be used at trial unless there has been an opportunity for the defendant to cross-examine the declarant. *Crawford v. Washington,* 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Cole contends the government's motion for impaneling an anonymous jury included hearsay statements that Cole did not have an opportunity to cross-examine. The government's motion included allegations by jurors in Cole's first trial that suggested jury tampering. App. 326–332. Cole's counsel knew of these allegations and had an opportunity to contest them. Cole's counsel did not contest the motion or request an evidentiary hearing. These allegations were offered in support of this particular motion only and not as evidence against Cole at trial. There was no violation of the Confrontation Clause.

## D. Motion To Suppress Evidence

We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts. *United States v. Perez,* 280 F.3d 318 (3d Cir. 2002).

### 1. Wiretaps

Cole contends evidence of wiretaps was improper because the necessity for wiretapping was not established prior to authorization. Authorizing a wiretap requires a written application attesting "other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). It is sufficient if the government shows the alternative techniques are impractical under the circumstances. *United States v. Vento,* 533 F.2d 838, 849 (3d Cir.1976).

The District Court found "the government laid an adequate factual predicate for its belief in the necessity of the wiretap," as alternative investigative methods were highly impractical or impossible. App. 28. Undercover officers had been able to track Cole and the coconspirators but were unable to determine what was said or exchanged. *Id.* Pen registers could track Cole's phone calls but not the content of the conversations. *Id.* Search warrants may have been a viable alternative but the government did not then know where to search. *Id.* Grand jury immunity would have compromised undercover agents' cover and safety. *Id.*

The District Court found the original application made an adequate case that a wiretap was necessary. Nothing in the record suggests the District Court erred when finding the alternative investigative procedures were impractical and unfruitful.

### 2. Consent To Search Cole's Home

■ Cole seeks to suppress physical evidence seized during a search of his home at the time of his arrest. He contends his consent to the search was not voluntary and, in the alternative, limited to guns and drugs.

The Fourth Amendment does not prohibit all warrantless searches. Consent if given voluntarily can authorize a warrantless search and consequent seizure. *Schneckloth v. Bustamonte,* 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). To determine whether consent is voluntary, the totality of the circumstances must be considered. *Id.* at 227, 93 S.Ct. 2041. Relevant factors include age and maturity, education level, intelligence, ignorance of

one's constitutional rights and the nature and duration of questioning and pressure.

Cole argues his consent was not voluntary because he felt physically threatened when his home was stormed by a dozen police officers, he was handcuffed in the presence of many officers (some armed with submachine guns), and he was never informed of his right to refuse consent. The arresting officers did not inform Cole of his right to refuse consent, but this fact is not dispositive. App. 33. The arrest begun with a knock on the door. *Id.* The officers did nothing intentionally to intimidate Cole or his family. The arresting officers abided by a number of Cole's requests, e.g. to get dressed, to move his handcuffs from the back to the front, and to prevent his son from seeing him taken away. *Id.* 34. The District Court finding that his consent was voluntary was not in error.

In the alternative, Cole contends any consent he gave was limited to a search for drugs and guns, so documentary evidence and cash should be suppressed. "When an official search is properly authorized—whether by consent or by the issuance of a valid arrest warrant—the scope of the search is limited by the terms of its authorization." *Walter v. United States,* 447 U.S. 649, 656, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). The standard for determining the scope of consent is objective reasonableness, or what a reasonable third person would have concluded. *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991).

At the suppression hearing, Cole testified the request made by the officer was to "look around," to which Cole then responded to "go ahead." App. 35. The District Court found the exchange between Cole and an arresting officer was not limited to drugs and guns. The finding that the search was not beyond the scope of Cole's voluntary consent was not in error.

### E.   Two-level Enhancement

Cole argues the District Court erred in imposing a Sentencing Guideline enhancement for possession of a firearm in relation to a drug offense. U.S.S.G. § 2D1.1(b)(1) requires a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." We review the District Court's legal interpretation of the Guidelines *de novo* and apply the deferential standard of "clear error" to its factual determinations. *United States v. Zats,* 298 F.3d 182, 185 (3d Cir.2002).

The District Court found Cole possessed a firearm in relation to the drug offense. The evidence of this came solely from one of Cole's coconspirators who testified that Cole threatened his sister with a gun because he suspected she stole a stash of drugs. This incident was included in Cole's presentence report and relied on by the District Court in imposing the two-level enhancement. App. 381.

Cole argues that testimony from coconspirators is unreliable because it is motivated by a desire for leniency in exchange for cooperation. The credibility of a coconspirator may be suspect but the credibility of a witness is for the factfinder. A reviewing court is deferential to the trial court's factual determinations. There is no basis for finding the District Court was in error.

Title 18 U.S.C. § 3661 states, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The Federal Sentencing Guidelines allow a court in imposing a sentence to consider, "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law". *See U.S. Sentencing Guidelines Manual* § 1B1.4 (2006).

Guidelines § 1B1.3 permits the District Court to consider all other related conduct when determining the range: "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *Id.*

Even post-*Booker*, a sentencing court may consider relevant conduct the court finds by a preponderance of the evidence. *United States v. Grier*, 475 F.3d 556, 561 (3d Cir.2007). "[F]indings of fact relevant to the Guidelines need not be submitted to a jury." *Id.* at 564. We reject Cole's claim that a two-level enhancement under the Sentencing Guidelines should not have been applied. The District Court did not err by considering evidence at sentencing that was not an element of the charge of conviction.

\*    \*    \*    \*    \*    \*

We will therefore AFFIRM the Judgment and Commitment Order of the District Court.