CLD-056                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2576
_____

UNITED STATES OF AMERICA

v.

TERRANCE LARNELL COLE, a/k/a TC, a/k/a THE BOSS, a/k/a BIG HEAD, a/k/a T,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:04-cr-00109-001)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 26, 2024

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: January 23, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Terrance Cole appeals the denial of his motion for compassionate release. The Government moves for summary affirmance. We conclude that the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, so we grant the Government's motion and will summarily affirm the District Court's judgment.

**I.**

In 2006, Cole was convicted in the United States District Court for the Western District of Pennsylvania on one count of conspiracy to distribute five kilograms or more of cocaine and one count of conspiracy to launder monetary instruments.[1] United States v. Cole, 246 F. App'x 112, 119 (3d Cir. 2007). Cole was sentenced to life in prison for the conspiracy to distribute charges, along with a concurrent 20-year sentence for money laundering, and his conviction and sentence were affirmed on direct appeal. Id. Since that time, Cole has filed a series of motions to reduce his sentence under the First Step Act. His most recent petition asserted that errors in his initial sentencing, his progressively worsening hypertension, and his demonstrated history of rehabilitation combined to constitute "extraordinary and compelling" reasons for his release.

The District Court disagreed, holding that his proffered reasons were not extraordinary and compelling under the First Step Act. United States v. Cole, 2024 WL 3758827, at *6-9. The District Court further held that even if they constituted an extraordinary and compelling reason for his release, relief would not be granted based on

---

[1] At trial, the government presented extensive testimony from members of the criminal organization Cole controlled, which evidenced that Cole was responsible for distributing approximately 3,000kg of cocaine across his career, and had a reputation for violence.

2

consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Id. at *10-11. Jones then appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of compassionate release for an abuse of discretion and will not disturb the decision unless "there is a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

## III.

A district court has discretion to "reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must also consider the sentencing factors provided in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant." Id. § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in concluding that Cole had not shown extraordinary and compelling reasons as required by § 3582(c)(1)(A)(i). Cole, 2024 WL 3758827, at *9-10. The District Court reasonably determined that Cole's

3

petition did not present "extraordinary and compelling reasons" for his release, noting that Cole's hypertension was both mild and treatable, his sentencing contentions were without merit, and Cole's record of admittedly exemplary behavior while incarcerated did not make him eligible for release. Id. at 7-9.

Nor did the District Court abuse its discretion in determining that, even if Cole had presented sufficiently compelling reasons for his release, the seriousness of his offenses warranted his continued incarceration under 18 U.S.C. § 3553(a). In considering the "nature and circumstances" of the crime, the District Court aptly emphasized that Cole's sentence must "'reflect the seriousness of the offense,'" and noted that Cole ran a violent, large-scale cocaine trafficking organization that operated throughout western Pennsylvania for over a decade, and that his "reprehensible criminal conduct [had] left the streets of Western Pennsylvania awash in drugs." Cole, 2024 WL 3758827, at *10 (quoting 18 U.S.C. § 3553(a)(1)).

We therefore will affirm the District Court's judgment.