**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4515**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD MILTON BOYSAW,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  James C. Turk, Senior District
Judge.  (CR-03-128)

―――――――――

Submitted:  August 2, 2006        Decided:  September 6, 2006

―――――――――

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

―――――――――

Barry L. Proctor, Abingdon, Virginia, for Appellant. John L.
Brownlee, United States Attorney, R. Andrew Bassford, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Donald Milton Boysaw appeals his convictions for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000), and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (2000). We affirm Boysaw's conviction, but we vacate his sentence and remand for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Boysaw first contends that the district court erred in denying his motion for a judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996)). In resolving issues of substantial evidence, we do not weigh evidence or reassess the factfinder's assessment of witness credibility. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

The elements of a violation of § 922(g)(1) are that: (1) the defendant previously had been convicted of a crime

punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed the firearm or ammunition; and (3) the possession affected commerce because the firearm or ammunition had traveled in interstate or foreign commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995). Boysaw stipulated to a prior felony conviction and to the interstate commerce element, leaving only the knowing possession element in dispute. Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). A person has constructive possession of an item if he knows of its presence and exercises or has the power to exercise dominion and control over it. United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005). Possession may be established by circumstantial evidence. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993).

Federal agents found a firearm on a tray next to the bed in the front upstairs bedroom of Boysaw's house. Boysaw demonstrated knowledge of the firearm when he told agents that the gun belonged to his son Donald Eugene Boysaw ("Little Donald"). Before Boysaw was taken from the house, he requested a pair of shoes and cigarettes, which agents found next to the tray where the gun was found. Boysaw contended that he did not spend much time in that bedroom or upstairs, but Boysaw had many possessions in the upstairs bedrooms. The federal agents also found ammunition in various places in the house, including prescriptions and bills in

Boysaw's name in a drawer in a bedroom, and in drawers in the kitchen, and plainly visible in a jar in the basement. Taking the view most favorable to the Government, the evidence demonstrates that Boysaw had the knowledge and the power to exercise dominion and control over the firearm and ammunition and possessed the items. There was sufficient evidence for the jury to conclude defendant's guilt beyond a reasonable doubt.

Boysaw next contends that his trial counsel was ineffective for agreeing to stipulations, not calling witnesses, calling Little Donald to testify while incompetent, and for not having a trial strategy. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Boysaw has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.[1]

---

[1]Boysaw contends the district court abused its discretion when it denied his motion for a new trial because his trial counsel was ineffective. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995). As the record does not establish that any of counsel's actions were unreasonable and resulted in ineffective assistance, Boysaw failed to establish grounds for a new trial. The district court did not abuse its discretion in denying the motion.

Boysaw also contends that the prosecutor improperly persuaded his counsel into accepting the stipulations and that the stipulations were inaccurate. To prevail on a claim of prosecutorial misconduct, Boysaw must establish that the prosecutor's conduct was improper and prejudicially affected his substantial rights so as to deprive him of a fair trial. United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999). A forensics report verified the accuracy of the stipulations and that the Government could prove the facts contained in the stipulations. The prosecutor properly agreed to the stipulations and his conduct did not affect Boysaw's substantial rights.

Boysaw further contends that the district court committed judicial misconduct by allowing Little Donald to testify because Boysaw asserts Little Donald was not competent to testify. All witnesses are presumed competent to testify. United States v. Odom, 736 F.2d 104, 112 (4th Cir. 1984); see also Fed. R. Evid. 601. "Whether the witness has such competency is a matter for determination by the trial judge after such examination as he deems appropriate and his exercise of discretion in this regard is to be reversed only for clear error." Id. at 112-13.

The district court had ample opportunity to observe Little Donald on the witness stand. Little Donald answered every question completely and when asked if he understood his rights he replied that he did. The district court stated that Little Donald

may have been asleep in the witness room prior to testifying, but when he took the stand as a witness he seemed to know what he was doing in the courtroom. The district court did not clearly err by allowing Little Donald to testify.

Boysaw next contends that during sentencing the district court erred when it designated him an armed career criminal. A defendant convicted of violating § 922(g)(1) qualifies as an armed career criminal under 18 U.S.C. § 924(e) if he has three prior convictions for a serious drug offense. The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e). In 1983, Boysaw had three separate Virginia convictions for distribution of cocaine under Va. Code Ann. § 18.2-248. Each of those convictions carried a maximum penalty of forty years' imprisonment, satisfying the statutory requirement under 18 U.S.C. § 924(e). Boysaw claims the drug offenses should not have been considered due to their age; however, we have held that there is no temporal restriction on prior felonies for the purposes of the Armed Career Criminal Act. United States v. Presley, 52 F.3d 64, 69-70 (4th Cir. 1995) (upholding the district court's consideration of a conviction that occurred over

twenty years previously).  The district court properly determined that Boysaw qualified as an armed career criminal.

Boysaw further contends that the district court enhanced his sentence with judicially found facts in violation of Booker. Boysaw did not object to the use of judicially found facts during his sentencing.  When a Booker sentencing claim is raised for the first time on appeal, this court reviews for plain error.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993).  If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736 (citation omitted).

In Booker, the Supreme Court concluded the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750.  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (appellate

standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-57.

Boysaw claims that Booker was violated in two respects. He first contends the district court erred when it enhanced his sentence with his prior convictions that were not charged in his indictment nor admitted by him in his guilty plea. In Almendarez-Torres v. United States, 523 U.S. 224, 245 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. See United States v. Cheek, 415 F.3d 349, 351-53 (4th Cir. 2005) (Almendarez-Torres was not overruled by Apprendi or Booker). We have ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the government does not have to allege prior convictions in the indictment or submit proof of them to a jury. United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005). The district court did not err when it used Boysaw's prior convictions in calculating his sentence.

Boysaw also contends that the district court committed Booker error when it sentenced him under the mandatory sentencing guidelines. In United States v. White, 405 F.3d 208, 215 (4th Cir. 2005), this court determined that imposing a sentence under the guidelines as mandatory was error that was plain. White, 405 F.3d

at 217.  In determining whether an error affected the defendant's substantial rights, we reasoned that "the error of sentencing a defendant under a mandatory guidelines regime" was not an error for which prejudice would be presumed.  Id. at 221.  Rather, the defendant bears the burden of showing that this error "affected the outcome of the district court proceedings."  Id. at 223 (quoting Olano, 507 U.S. at 734).  In White, we relied on the absence of any statement by the sentencing court "that it wished to sentence White below the guideline range but that the guidelines prevented it from doing so," to find there was "no nonspeculative basis" for finding prejudice, and affirmed White's sentence.  Id. at 223-24.  Boysaw had a statutory minimum sentence of 180 months' imprisonment and a sentencing guidelines range of 188-235 months' imprisonment.  When the district judge imposed a 188-month prison sentence, the court stated that "I would like to go below the Guidelines, but I don't know of any legal justification the court has for going below the Guidelines."  Because the district court clearly indicated that it would have gone below the guidelines range if it was operating under an advisory guidelines scheme, we conclude that the court committed statutory error when it sentenced Boysaw, and Boysaw must be resentenced.[2]  See United States v. Rodriguez, 433 F.3d 411, 414-15 (4th Cir. 2006).

---

[2]We, of course, imply no criticism of the able district judge, who sentenced Boysaw in accordance with the law and procedures in effect at the time of the sentencing.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all the factual findings appropriate for that determination. <u>See</u> <u>Hughes</u>, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

Accordingly, we affirm Boysaw's conviction, vacate his sentence, and remand for resentencing in light of <u>Booker</u>. We also deny Boysaw's motion to relieve his appellate attorney, and grant Boysaw's motion to file a pro se supplemental brief, the contents of which we have fully considered. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART, AND REMANDED</u>