**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5215

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD MILTON BOYSAW,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:03-cr-00128)

Submitted: February 14, 2008      Decided: February 22, 2008

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Donald Milton Boysaw of being a felon in possession of a firearm (Count 1) and ammunition (Count 2), in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced Boysaw as an armed career criminal to 188 months of imprisonment. Boysaw appealed his convictions and sentence, challenging, inter alia, his armed career criminal classification on the grounds that the predicate convictions should not have been considered due to their age and that the district court violated United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence with convictions that were neither charged in the indictment nor admitted by him and by sentencing him under a mandatory guidelines system. Although this court held that "[t]he district court properly determined that Boysaw qualified as an armed career criminal" and that there was no Sixth Amendment error in the district court's reliance on the prior convictions, we concluded that the district court committed statutory Booker error by sentencing Boysaw under a mandatory guidelines scheme, vacated Boysaw's sentence, and remanded for resentencing. United States v. Boysaw, 198 F. App'x 321, 324-26 (4th Cir. 2006) ("Boysaw I"), cert. denied, 128 S. Ct. 521 (2007) (No. 07-6723).

On remand for resentencing, Boysaw renewed his objections to the armed career criminal designation, asserting that he was convicted of simple possession of cocaine. Boysaw also contended

that the district court did not follow Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), in determining that his prior convictions qualified as serious drug offenses for purposes of 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007), because the court did not require the government to provide certified copies of the state court judgments. The district court overruled Boysaw's objections, departed below the advisory sentencing guideline range of 188 to 235 months of imprisonment, and sentenced Boysaw to 180 months in prison, the statutory mandatory minimum sentence. Boysaw appeals the 180-month sentence imposed on remand.

In this appeal, Boysaw challenges his armed career criminal designation on the ground that the court relied on information not approved by Taylor and Shepard. The Government asserts that Boysaw's claim is foreclosed by the decision in Boysaw I. We agree with the Government. In Boysaw I, we held that the district court properly designated Boysaw as an armed career criminal. Thus, we find that Boysaw's claim is barred by the law-of-the-case doctrine and that none of the exceptions applies. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); see also Volvo Trademark Holding Aktiebolaget v. Clark Machinery Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United

<u>States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993) (stating that mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal").

Accordingly, we affirm Boysaw's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>