NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1245
_____

UNITED STATES OF AMERICA

v.

CHARLES A. WEBSTER, JR.,
Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-07-cr-00115-001)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2010

Before: McKEE, Chief Judge, SLOVITER and RENDELL, Circuit Judges.

(Opinion Filed: November 3, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Charles Webster, Jr. was indicted on two counts of possession of a

firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C.

§ 924(e)(1). A jury found him not guilty on one count but guilty on the second count.

Webster's appeal raises three issues: (1) whether the District Court improperly admitted

firearms discovered by probation officers during a search of Webster's apartment; (2) whether the jury's verdict is supported by sufficient evidence of constructive possession of the firearm; and (3) whether the District Court erred in not granting a new trial based on allegedly improper remarks the prosecutor made during closing argument. For the reasons set forth below, we will affirm Webster's conviction.[1]

## I.

On August 23, 2007, while Webster was on Level III intensive probation requiring strict supervision, probation officers went to Webster's residence to arrest him for violating curfew and to conduct an administrative search of his residence for contraband. After placing Webster under arrest, the officers conducted the search, during which they discovered two firearms, one inside a boot in the hall closet and the other hidden between the cushion and arm of the living room couch. Webster moved for suppression of the firearms.[2] An evidentiary hearing was conducted on July 1, 2008, and the District Court denied Webster's motion.

On appeal, Webster argues that the District Court erred in admitting the firearms because the probation officers did not have a reasonable basis for conducting the search. Probation officers need only have reasonable suspicion to support a warrantless search of

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

[2] Webster also moved for suppression of statements he made after his arrest pursuant to the fruit of the poisonous tree doctrine. *Wong Sun v. United States*, 371 U.S. 471, 487 (1963). However, because we find that the search of Webster's residence was legal, this doctrine is inapplicable to suppress the post-arrest statements.

a probationer's home. *United States v. Baker*, 221 F.3d 438, 445 (3d Cir. 2000). A probation officer has reasonable suspicion if, under the totality of the circumstances, he or she has "a particularized and objective basis for suspecting legal wrongdoing." *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005). We review a District Court's denial of a suppression motion for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to the factual findings. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005).

After reviewing the transcript of the suppression hearing, we conclude that the District Court correctly found that the probation officers had reasonable suspicion to search Webster's home. One of the probation officers who conducted the search testified that she had received the following information before the search: days before the search, Webster had been involved in two shootings while violating curfew; he was suspected of robbing drug dealers, which was believed to be the motive for the shootings; and he had a violent criminal history and had been able to procure a firearm in the past. She testified that, based on this information and her training and experience in supervising violent probationers, she believed Webster was likely to have a firearm to protect himself.

Courts have relied on similar facts in finding that a probation officer has reasonable suspicion for a search of a probationer's residence. In *United States v. Williams*, 417 F.3d 373, 375-376 (3d Cir. 2005), this Court found that there was reasonable suspicion to conduct a search based in part on the fact that the probation

3

officer had received tips that the probationer was dealing drugs and that the probationer had been present at a shooting, for which he was the target. In *United States v. Cottman*, 497 F. Supp. 2d 598, 604 (D. Del. 2007), the District Court found that the probation officers had reasonable suspicion to conduct a search when the probationer had been present in a high crime area after curfew in violation of probation and had been arrested for similar crimes in the past. Therefore, based on the case law and the evidence presented at the suppression hearing in this case, the District Court correctly denied Webster's suppression motion of the physical evidence seized during the administrative search of Webster's home.

## II.

On appeal, Webster also argues that the government presented insufficient evidence to establish that he constructively possessed the firearm. "Constructive possession exists if an individual knowingly has both the power and intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (internal quotations omitted). The jury's verdict must be sustained "if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision." *United States v. Antico*, 275 F.3d 245, 260 (3d Cir. 2001).

We find that a reasonable jury could conclude based on the evidence that Webster knowingly had the power and intent to exercise dominion and control over the firearm. The record establishes the following evidence that the jury could have considered to

4

support its verdict that Webster constructively possessed the firearm: Webster lived in the apartment where the firearm was found; Webster had full and unfettered access to the small apartment, including the common area that contained the unlocked hallway closet where the firearm was found; the apartment had recently been robbed, which a reasonable jury could infer provided Webster with a motive to get a gun to protect himself; Webster lived in the apartment at the time it was robbed and was familiar with the various items stolen during the robbery, which could lead a reasonable jury to infer that Webster was familiar with the contents of the apartment; and Webster admitted knowing that his father, who also lived in the apartment, had a firearm in the apartment similar in description to the one found in the apartment.

Courts have relied on similar facts in finding sufficient evidence of constructive possession. In *United States v. Roach*, 582 F.3d 1192, 1205 (10th Cir. 2009), the Court found constructive possession based in part on the fact that the defendant resided at the house where the firearms were found and that the gun was located in a closet of a shared apartment. In *United States v. Boysaw*, No. 04-4515, 2006 WL 2562486, at *1 (4th Cir. Sept. 6, 2006), the Court found constructive possession based in part on the fact that the defendant admitted knowledge of the gun's existence when he claimed that it belonged to his son. The case at hand is distinguishable from *United States v. Cunningham*, 517 F.3d 175 (3d Cir. 2008), where the court found that there was no constructive possession when the defendant had been walking down the street with a man who had a gun in his backpack but there was no evidence that the defendant knew the gun was in the man's

5

backpack. Here, there is evidence that Webster knew his father had a gun in the apartment. Therefore, the District Court did not err in finding that the jury's verdict is supported by sufficient evidence of constructive possession of the firearm.

**III.**

On appeal, Webster also argues that the District Court erred in denying his motion for judgment of acquittal or new trial based on purportedly improper remarks the government made during closing argument regarding the silence of Webster's father. The allegedly improper statements are as follows:

> So you didn't hear that [either Webster's father or sister] when they first came back, said, hey, there are guns in there that are mine. You didn't hear that evidence. There's no evidence on that point…

> Nowhere in the course of the couch search, when [the probation officers] tell the parents, the family to stand up, when the family is standing there, when they are flipping the cushions, did you hear evidence that somebody said, hey, wait a minute. You're going to find a gun. I've got a gun. It's in there. I just want you to know. You didn't hear that. There's no evidence on that.

Tr. Transc. vol. B, 12-13 (Dec. 9, 2008).

Webster argues that the District Court erred in not granting a new trial because (1) the comments violated Webster's rights under the Confrontation Clause of the Sixth Amendment since Webster was unable to cross examine his father, who invoked the Fifth Amendment privilege against self-incrimination and (2) the improper comments impacted the fundamental fairness of the trial. We review the District Court's ruling on Webster's objection to the prosecutorial statements at trial for abuse of discretion. *See, e.g., United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003); *United States v. Nelson*,

284 F.3d 472, 476 n.3 (3d Cir. 2002). If we find that the District Court erred in its ruling on Webster's objection to the prosecutorial statements, we then examine whether the error was harmless. *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (en banc).

The District Court did not abuse its discretion in denying Webster's motion for judgment of acquittal or new trial. The Confrontation Clause bars the admission of out-of-court *testimonial* statements by witnesses who are unavailable for cross examination at trial. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). No testimonial statements by Webster's father were admitted, and the District Court specifically instructed the jurors that lawyers' statements are not evidence.[3] Therefore, we agree with the District Court that the statements made during closing argument were not improper under the Sixth Amendment.

Moreover, the prosecutor's comments did not constitute misconduct, and, even if they did, the error would be harmless. The comments were brief and made in the middle of the government's closing, and they were not so egregious as to affect the outcome of the proceeding. Accordingly, we will affirm the judgment.

---

[3] Webster's privilege against self-incrimination is not at issue here because the prosecutor was commenting on the failure of Webster's father, not Webster, to testify.

7