**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3553
_____

UNITED STATES OF AMERICA

v.

CHARLES A. WEBSTER, JR.,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 07-cr-00115)
District Judge:  Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2013

Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 27, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Charles Webster, Jr. appeals from an order of the District Court denying

his Rule 33 motion for a new trial.  For the reasons that follow, we will affirm.

        On August 23, 2007, while Webster was on intensive probation requiring strict

supervision, probation officers and others went to the residence he shared with his father,

Charles Webster, Sr., to conduct an administrative search. After placing Webster under arrest, the officers conducted the search and discovered two firearms, a Ruger handgun found inside a boot in the hall closet and a Taurus handgun found hidden in the living room couch. Webster was indicted on two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). He moved for suppression of the firearms. A hearing was held on the motion, and the District Court denied it.

At the start of Webster's trial, an issue arose concerning whether his father would be called as a witness. The Government was considering calling him to testify, as he had before the grand jury, that he did not own any guns or have any knowledge of guns in his apartment. Webster, on the other hand, wanted to call his father to support his theory that the guns belonged to, and were solely possessed by, his father. Webster, Sr.'s attorney informed both parties that Webster, Sr. would invoke his Fifth Amendment privilege if either party called him as a witness. During a proffer taken outside of the jury's presence later that day, Webster, Sr. testified that he intended to assert his Fifth Amendment right not to answer any questions about the guns found in the apartment or his prior testimony regarding the guns.

Despite the absence of his father's testimony, Webster built his defense on the theory that the guns belonged to his relatives, including his father. For example, his counsel sought to and was able to establish through the Government's witnesses that it was Webster, Sr. who was sitting on the couch right where the Taurus handgun was

2

concealed.[1]  A jury found Webster not guilty on the count involving the Taurus handgun hidden in the couch, but guilty on the count involving the Ruger handgun that was hidden in the boot.  Webster was sentenced to a term of imprisonment of 188 months, and three years of supervised release.

Webster appealed, contending that:  (1) the District Court improperly admitted the firearms found during a search of his apartment; (2) the jury's verdict was not supported by sufficient evidence of constructive possession of the Ruger firearm; and (3) the District Court erred in not granting a new trial based on improper comments made by the prosecutor during closing argument.  We determined that these contentions were lacking in merit and affirmed.  See United States v. Webster, 400 Fed. Appx. 666 (3d Cir. 2010). With respect to the constructive possession issue, we explained:

> We find that a reasonable jury could conclude based on the evidence that Webster knowingly had the power and intent to exercise dominion and control over the firearm.  The record establishes the following evidence that the jury could have considered to support its verdict that Webster constructively possessed the firearm:  Webster lived in the apartment where the firearm was found; Webster had full and unfettered access to the small apartment, including the common area that contained the unlocked hallway closet where the firearm was found; the apartment had recently been robbed, which a reasonable jury could infer provided Webster with a motive to get a gun to protect himself; Webster lived in the apartment at the time it was robbed and was familiar with the various items stolen during the robbery, which could lead a reasonable jury to infer that Webster was familiar with the contents of the apartment; and Webster admitted knowing that his father, who also lived in the apartment, had a firearm in the apartment similar in description to the one found in the apartment.

---

[1] Both guns were stolen; a trace on the firearms revealed that no member of the Webster family was the record owner.

3

Id. at 668-69.

On December 6, 2011, Webster moved pro se for a new trial pursuant to criminal Rule 33(b)(1), claiming newly discovered evidence. The evidence Webster submitted in support was an undated statement signed by his father in which his father claimed that he owned the guns found during the August 23, 2007 search, and that he was the only person with knowledge that the guns were in the apartment. The statement in its entirety is:

> I, Charles Webster, Sr., would like to state that they were my guns, and the only one who knew they were there at that present day and time was me on August 23, 2007 all by myself. See, I had brought them back into the apartment earlier that day for my own personal reasons and nobody knew of any of it. I should've come forward a long time ago but I was afraid. So, I'm saying sorry for this big inconvenience, but this horrible truth has to finally come out.

Supp. App. 13.

After the Government responded to the Rule 33 motion, the District Court, in an order entered on August 20, 2012, denied it. The court determined that the evidence was not new in that the information was known to Webster at the time of trial, and, under those circumstances, although the evidence was newly "available," it did not satisfy the newly "discovered" test for granting a Rule 33 motion. The court also determined that the newly proffered evidence in any event probably would not have produced an acquittal.

Webster appeals pro se. We have jurisdiction under 28 U.S.C. § 1291. A District Court's decision to grant or deny a motion for a new trial under Rule 33 is reviewed for

4

an abuse of discretion.  See Gov't of the Virgin Islands v. Lima, 774 F.2d 1245, 1250 (3d

Cir. 1985).  In his brief on appeal, Webster argues that his father's newly proffered

statement was sufficient to support reversal of his conviction, there was no evidence that

he was previously aware of the presence of the Ruger in the closet, and there was

insufficient evidence of constructive possession.  See Petitioner's Brief, at 7.  He argues

that the District Court impeded his ability at trial to show that the guns were solely in the

possession of his father, see id. at 10, and he further argues that the District Court's Rule

33 determination that his father's new statement lacked credibility is flawed because it is

equally likely that his father lied to the grand jury but is now telling the truth, see id. at

12.  Webster also points out that the Government failed to produce any fingerprint

evidence or any witness who could link him to the Ruger.  See id.

We will affirm.  Rule 33(b)(2) provides that a motion for a new trial may be

brought up to three years after the verdict if the motion is grounded upon newly

discovered evidence.  Fed. R. Crim. Pro. 33(b)(2).  In order to grant a new trial on the

basis of newly discovered evidence, the District Court must find that the following five

requirements have been met:  (a) the evidence must have been discovered since the trial;

(b) facts must be alleged from which diligence on the part of the movant may be inferred;

(c) the evidence must not be merely cumulative or impeaching; (d) the evidence must be

material; and (e) the evidence must be of such nature that in a new trial it would probably

produce an acquittal.  See United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir. 1976).

The burden of proving each of the elements is on the movant.  See United States v.

5

Cimera, 459 F.3d 452, 458 (3d Cir. 2006)). If any one of the five elements is not satisfied, the Rule 33 motion must be denied. See United States v. Jasin, 280 F.3d 355, 365 (3d Cir. 2002).

We agree with the District Court that the information contained in Webster's father's newly proffered statement – that the Ruger was his and that he alone possessed it – is not newly discovered evidence. This information was known to Webster at the time of trial, and explains why he sought to call his father in support of his defense. In addition, the record shows that Webster claimed, in a videotaped interview which was shown to the jury, that his father owned a gun that fit the description of the Ruger and that his father kept the gun in the apartment. See United States v. Bujese, 371 F.2d 120, 125 (3d Cir. 1967) (evidence is not newly discovered when it was known or could have been known through the exercise of diligence on the part of the defendant or his counsel).

Moreover, the fact that Webster's father, who invoked his Fifth Amendment right at trial, is now willing to testify does not make his newly proffered statement "newly discovered" evidence within the meaning of Rule 33. In Jasin, 280 F.3d 355, we held that evidence known but unavailable at trial because a Fifth Amendment privilege was invoked is not "newly discovered evidence" within the meaning of Rule 33. As in Jasin, Webster knew at the time of trial the facts that he seeks to prove in a new trial through his father's newly proffered testimony. See id. at 362-63. The jury watched Webster state in his videotaped interview that the gun had "been there;" that it was "like an old revolver type, big ugly, old thing;" and that it was "[b]rown, beige, or black." N.T., 12/08/08, at

6

108-09. There is nothing in the record to establish that Webster and his counsel were either subjectively unaware that both guns belonged to Webster's father, or that, as an objective matter, such evidence could not have been discovered through the exercise of diligence before the close of trial. See Cimera, 459 F.3d at 461. Webster's contention that he was impeded by the trial court in pursuing his defense that the guns were solely in the possession of others is meritless. See, e.g., N.T., 12/08/08, at 133-34; N.T., 12/09/08, at 26-27, 32, 35-36.

Because Webster cannot satisfy Ianelli's first requirement that the newly proffered evidence be newly discovered, the District Court's order denying the Rule 33 motion will be affirmed. See Jasin, 280 F.3d at 365. We would add, however, that we agree with the District Court that the proffered evidence would probably not produce an acquittal, and thus there was a second basis for denying the Rule 33 motion. The District Court is required to determine whether the proffered new evidence is credible, United States v. Kelly, 539 F.3d 172, 189 (3d Cir. 2008); that is, the District Court must determine whether a jury at a second trial would likely believe the proffered evidence, see id. In making this determination, the court must weigh the proffered evidence against all of the other evidence in the record. See id.

The District Court in Webster's case properly determined that several things weighed against a finding of credibility, including that the newly proffered evidence was a direct contradiction of Webster, Sr.'s sworn testimony before a grand jury and Webster, Sr. could thus be impeached on this basis; that it contained information that Webster, Sr.

7

could not have known with any certainty (that no one else knew he had guns in the apartment on that day); and that Webster, Sr. likely was biased in favor of his son and would want to see him exonerated. In addition, we note that there would still be the considerable evidence of constructive possession described in our opinion affirming the criminal judgment, see Webster, 400 Fed. Appx. at 668-69. Accordingly, in light of the complete evidentiary record and the inconsistency between Webster's father's sworn grand jury testimony and his newly proffered statement, Webster did not meet his burden to show that the newly proffered statement probably would result in his acquittal in a new trial.

For the foregoing reasons, we will affirm the order of the District Court denying Webster's Rule 33 motion. The Government's motion to lodge under seal the Sealed Supplemental Appendix containing the grand jury testimony of Charles A. Webster, Sr. is granted.[2]

---

[2] Pursuant to Federal Rule of Criminal Procedure 6(e), the grand jury transcript was filed as a sealed exhibit to the Government's Memorandum in Opposition to Webster's Rule 33 motion. Local Appellate Rule 30.3(b) directs that any exhibit filed under seal in the District Court and not unsealed by order of this Court shall be filed "in a separate sealed envelope."