[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15065
Non-Argument Calendar

_____

D. C. Docket Nos. 02-20967-CV-ASG
96-00443-CR-ASG

GLORIA DIAZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Gloria Diaz was convicted of conspiracy to violate the Hobbs Act, as well as three substantive Hobbs Act violations, for serving as a "tipster" who identified targets as part of a kidnaping and extortion operation in southern Florida. She was sentenced to 293 months imprisonment followed by 3 years of supervised release and was ordered to pay $5400 restitution. The facts of the case and the evidence presented against Diaz are set out in greater detail in our earlier opinion United States v. Diaz, 248 F.3d 1065 (11th Cir. 2001), where we affirmed Diaz's conviction and her sentence. Id. at 1109.

Diaz later filed a motion to vacate, set aside, or correct the judgment pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. After an evidentiary hearing, the district court denied the motion. The district court did, however, grant Diaz's motion for issuance of a certificate of appealability because it felt that the constitutional issues raised in Diaz's § 2255 motion warranted our review. The COA provided two issues for review: (1) whether Diaz's counsel was ineffective by failing to move for a new trial based on newly discovered evidence; and (2) whether Diaz's counsel was ineffective by failing to challenge the court's application of several sentencing enhancements. We will address the second issue first.

## I.

Diaz has changed the nature of her sentencing challenge. She has abandoned her contention that her attorney failed to challenge the sentencing enhancements. Instead she now contends that the sentencing guidelines were misapplied in light of the Supreme Court's opinions in Kimbrough v. United States, 128 S. Ct. 558 (2007) and United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738 (2005) and thus she received an illegal sentence. This attempt to introduce a new argument outside the scope of the COA ignores our clear warning that such attempts will not be tolerated. See Hodges v. Att'y Gen., 506 F.3d 1337, 1340 (11th Cir. 2007) (condemning the appellant's effort to "simply ignore the COA order and brief any issue he pleases"); Murray v. United States, 145 F.3d 1249, 151 (11th Cir. 1998) ("[A]ppellate review is limited to the issues specified in the COA.").

Diaz had the right to file a motion with us to request expanding the scope of the COA. See 11th Cir. R. 22-1(d). She did not, and as a result, she may not expand the scope of the issues now. As we have recognized, "[t]here would be no point in having a COA order specify issues if it does not limit those that may be briefed, and a limitation that may be ignored . . . is no limitation at all." Hodges, 506 F.3d at 1341. Although we may permit arguments outside the scope of a COA

3

in extraordinary cases, see id., this is not that kind of case.  See Valera v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (holding that Booker does not "apply retroactively to § 2255 cases on collateral review").  Thus we will not consider Diaz's argument because it was not included in the COA.  Because Diaz has abandoned her argument regarding her attorney's alleged failure to challenge the district court's application of various sentencing enhancements, that issue is waived.  See United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) ("[I]ssues and contentions not timely raised in the briefs are deemed abandoned." (citation omitted)).

## II.

We are left, then, to consider only the first issue provided in the COA.  Diaz contends that she suffered constitutionally ineffective assistance of counsel because her attorney failed to file a motion for new trial after receiving evidence that the government's key witness against her allegedly had provided false testimony.

A claim of ineffective assistance of counsel is a mixed question of law and fact, which we review de novo.  See Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

4

that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). Strickland provided a two-pronged test to determine whether counsel was constitutionally defective:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687, 104 S. Ct. at 2064.

To satisfy the prejudice requirement, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694, 104 S. Ct. at 2068.

Diaz's claim centers on an affidavit by Rodolfo Palacios, which Diaz became aware of during a meeting with Lopez and Lopez's attorney after her conviction. Palacios had been an inmate with Ilvigio Hernandez, a codefendant of Diaz who testified against her at trial. The Palacios affidavit described conversations between Palacios and Hernandez regarding Hernandez's decision to

5

testify as a government witness against Diaz and her husband Jose Lopez. According to the Palacios affidavit, Hernandez told Palacios that "the only way to get a substantial sentencing reduction with the government was to cooperate fully and do whatever it was that they (meaning the government) may have asked you." When Palacios asked whether Hernandez knew that Diaz and Lopez were involved in the conspiracy, Hernandez allegedly said that "it did not matter whether he knew them or not[,] all that did matter was his sentence reduction." Diaz argues that the Palacios affidavit establishes that Hernandez gave false testimony when he implicated Diaz in the conspiracy and, because her attorney failed to file a motion for new trial based on this evidence, she received ineffective assistance of counsel. The government responds that Diaz was not prejudiced by her attorney's defense because a motion for new trial based on the Palacios affidavit would have been denied. We agree.

A new trial based on newly discovered evidence is warranted only if "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence was of such a nature that a new trial would probably result in a new result." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). Failure to meet any one of these elements will defeat a

6

motion for new trial.  See, e.g., United States v. Williams, 816 F.2d 1527, 1530–31 (11th Cir. 1987).  The government does not dispute that the Palacios affidavit satisfies the first, second, and fourth factors.  Diaz contends that the remaining factors are satisfied as well because, according to her, the Palacios affidavit is proof that Hernandez fabricated his testimony and thus demonstrates Diaz's innocence.  We disagree.  First, the Palacios affidavit is not definitive proof of anything.  It is merely a sworn statement by a former inmate with Hernandez that describes conversations that allegedly occurred.  Second, as the magistrate judge and the district court noted, the language in the Palacios affidavit could be interpreted in several ways.  It could mean what Diaz says its does; it just as easily could mean something else.  It could, for example, mean that Hernandez was willing to provide the government with whatever information he had about his co-conspirators in exchange for a sentence reduction.  But even accepting Diaz's construction, we come to the same conclusion: The Palacios affidavit is impeachment evidence that is insufficient to justify a new trial.  See United States v. Garcia, 13 F.3d 1464, 1472 (11th Cir. 1994) (newly discovered impeachment evidence insufficient to justify a new trial); United States  v. Bollinger, 796 F.2d 1394, 1401–02 (11th Cir. 1986) (same).

Diaz claims that the Palacios affidavit would show that Hernandez was a

liar. this does not affirmatively prove that Diaz was innocent. Instead, the Palacios affidavit would serve only to impeach Hernandez's testimony by suggesting that he was lying in order to receive a sentence reduction. Moreover, the idea that Hernandez is a liar was hammered home repeatedly throughout two days of Hernandez's cross-examination by five defense attorneys at the trial. The cross-examination established that not only had Hernandez lied to the FBI about his involvement in the conspiracy but he also had lied during his direct examination testimony. The cross-examination also demonstrated that Hernandez was testifying in the hope of receiving a sentencing reduction. The Palacios affidavit would be more of the same, and would have been insufficient to justify a new trial. See United States v. Champion, 813 F.2d 1154, 1171 (11th Cir. 1987) (concluding that newly discovered impeachment evidence was cumulative where the defense had already established that the witness had lied under oath). Thus the Palacios affidavit was not only impeachment evidence, but cumulative impeachment evidence at that. A motion for new trial based on that evidence would have been denied. Accordingly, Diaz did not show that if counsel had filed such a motion there is a reasonable probability of a different result. The district court properly rejected her ineffective assistance claim.

**AFFIRMED.**